John C. Gaut, Special Judge,
delivered the opinion of the Court.
The plaintiff in error was arraigned and charged upon a bill of indictment for Grand Larceny, before, the Circuit Court of Montgomery County, Tennessee, at the September Term, 1868, of said Court; to which charges the plaintiff plead guilty.
*13 And thereupon, the Court impaneled a jury of said county, to bear the evidence and fix the time of confinement, that the plaintiff in error should undergo in the Penitentiary, for the offense charged against him and admitted by his plea.
Said jurors having been sworn, and after hearing the evidence, and receiving the charge of the Court, as to the matters of law, retired to consider of their verdict, and returned into Court, and said, that the plaintiff, for his offense, should undergo confinement in the Penitentiary of this State, for the period of four years. Whereupon the plaintiff in error, by his Attorney, moved the Court for a new trial, and moved the Court to arrest the judgment. What reasons in arrest of judgment, if any, were suggested to the Court, we are not informed, because no reasons in arrest of judgment, were put upon the record, as we believe the correct practice requires.
The motion for a new trial, and in arrest of judgment, were overruled by the Court, and the plaintiff in error, by his Attorney, tendered his bill of exceptions, wfiich was signed by the Court and made a part of the record; and prayed an appeal in the nature of a writ of error, to this Court, which was granted.
The judgment of the Court below, as required by law to be rendered against the plaintiff upon the verdict of the jury, was not rendered by the Court. If rendered, the clerk omitted to put -it upon the record, and we must treat it as never having been rendered. And the plaintiff has been brought- here, and his cause has been attempted to be brought here, before any final *14 judgment was i'endered in the cause, in the court below.
Sec. 5,245 of the Code, secures to the State and1 to the defendant in a criminal proceeding, except when the defendant has been acquitted, the right of an appeal in the nature of a writ - of error to this Court, at the term in which final judgment is rendered.
And sec. 5248, enacts that, “no assignment of error, or joinder in error, is necessary in criminal cases taken to the Supreme Court, but the Court shall enter such judgment on the record, as the law demands.” But it must be observed, that no appeal in the nature of a writ of error, lies to this Court, only from the term of the eourt in which final judgment is rendered in criminal proceedings in the court below.
It follows, therefore, for the reasons stated, that this cause is improperly brought to this Court; and the appeal must be dismissed, and the plaintiff in error remanded to the Sheriff and Jailer of Montgomery County, to be held subject to the further order <of the Circuit Court of said county. And the said Circuit Court of said County of Montgomery, may render such judgment against the plaintiff in error, as the law prescribes upon the said verdict of the jury, found at the September Term, 1868, of said Circuit Court.