---
The State *v.* Chairs and McNeal.
---

THE STATE *v.* GREEN CHAIRS and ALBERT M. MCNEAL.

CRIMINAL LAW. *Previous opinion of grand juror. Does not disqualify.*
The foreman of the grand jury that found the indictment in this case
was one of the committing magistrates; such fact was pleaded in
abatement to the indictment, urging the incompetency of the grand
jury, upon the ground that he had prejudged the case. The court
say: "We do not understand that our laws require that the grand
jurors shall be free from any previous opinion, as to the guilt of the
accused."

Code cited: Sections 4992, 4002–4002a, 4003, 4004, 5085.

---
FROM HARDEMAN.
---

• Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

WORD & MCNEAL for defendants.

MCFARLAND, J., delivered the opinion of the court.

The defendants to this indictment for larceny pleaded in abatement that the foreman of the grand jury that found the indictment, was not a competent and qualified grand juror, because he was one of the magistrates who heard the case upon a preliminary examination, and committed the defendants to answer the charge, and that he had therefore prejudged the case. Upon demurrer this plea was held good and the defendants

discharged. The attorney-general, on behalf of the State, has appealed.

It has been frequently held in this State, that it may be shown by plea in abatement, that grand jurors were not competent, as that they were not freeholders or householders, (see cases cited in King's Dig., 4992,) but we do not understand that our laws require that the grand jurors shall be free from any previous opinion as to the guilt of the accused. " Every male citizen who is a freeholder or householder and twenty-one years of age, is legally qualified to act as a grand or petit juror, if not otherwise incompetent under the *express* provisions of this Code." See Code, sections 4002–4002*a*. This is the language of the statute. Is there then any *express* provisions of the Code rendering a grand jury incompetent on account of a preconceived opinion ? Sections 4003 and 4004 may, for the present purposes, be taken as applying to grand or petit jusors, but the qualifications there referred to do not apply to this case. Section 5085 is the only express provision other than the above, disqualifying grand jurors, and that is in case the grand juror is himself charged with an indictable offense, or is prosecutor, or the offense is commited against his person or property, or he is connected by blood or marriage with the person charged. So it results by the positive provisions of section 4002, if he is a male citizen, a freeholder or householder and twenty-one years of age and does not come within the express provisions of some other section of the Code disqualifying him, he is legally qualified to act as a juror, and we have

seen that in this case the juror does not come within. the express provisions of any other disqualifying sections of the Code.

The judgment will be reversed, the demurrer to the plea in abatement sustained and the cause remanded.