STATE OF TENNESSEE, Plaintiff in Error,

*v.*

HENRY CLAY FELTS and C. F. (BUDDY) SMITH,
Defendants in Error.

418 S.W.2d 772.

(*Nashville*, December Term, 1966.)

Opinion filed May 26, 1967.

GEORGE F. MCCANLESS, Attorney General, EDGAR P. CALHOUN, and WILLIAM H. LASSITER, JR., Assistant Attorneys General, Nashville, for plaintiff in error.

PHILIP M. CARDEN, of counsel, and CECIL D. BRANSTETTER, Nashville, for Henry Clay Felts.

R. B. PARKER, JR., Nashville, for C. F. (Buddy) Smith.

MR. SPECIAL JUSTICE WILLIAM J. HARBISON delivered the opinion of the Court.

This is an appeal by the State from an order of the Criminal Court of Davidson County, sustaining a plea in abatement to a presentment returned against the defendants by the Davidson County Grand Jury and dismissing the charges.

On May 28, 1965, the Davidson County Grand Jury returned a presentment against the two defendants, charging defendant Felts with grand larceny, and also charging him as an accessory before the fact and with receiving and concealing stolen property. The fourth

count of the presentment charged the defendant Smith with receiving and concealing stolen property.

Upon motion to quash filed by defendant Felts, the judge held that the second count of the presentment did not allege essential elements of the crime of accessory before the fact. That count of the presentment was, therefore, stricken. Motions to quash by both defendants addressed to the other counts of the presentment were overruled.

Thereupon the defendants filed a plea in abatement to the presentment, challenging the selection, empaneling, and swearing of the Grand Jury, and in particular challenging the competency of one of the grand jurors, Professor N. S. Holliday. The plea in abatement alleged that this grand juror was at the time of his participation in the return of the presentment an employee of the Board of Education of the Metropolitan Government of Nashville and Davidson County, Tennessee, which was the successor of the earlier Board of Education of Davidson County, Tennessee. The presentment alleged that the latter Board was the owner of property, the misappropriation of which was the subject of the presentment. The plea in abatement alleged that the grand juror Holliday was employed as a teacher in a Nashville High School, which was owned and operated by the Board of Education, and it was, therefore, alleged that he was incompetent to serve as a grand juror under the provisions of T.C.A. sec. 40-1613. It was further alleged that one of the witnesses listed on the presentment as having testified before the grand jury was the Director of Metropolitan Schools, who was the superior of Professor Holliday in the organization of the Metropolitan Board of Education.

It was stipulated by the parties that these allegations of the plea in abatement were true. After a hearing, the trial judge sustained this ground of the plea in abatement and overruled all other grounds assigned by each of the defendants.

In his order sustaining the single ground of the plea in abatement above referred to, the trial judge noted that T.C.A. sec. 40-1613 provides for disqualification of a grand juror where the member of the grand jury is himself charged with an indictable offense, is a prosecutor, or where the offense was committed against his person or property, or where he is connected by blood or marriage with the person charged. The trial judge stated that

> * * * the letter of such statute may not be violated by permitting a school teacher, or other employee of the Board of Education, prosecutor in said action, to sit as a grand juror on such case. * * *

but the trial judge felt that permitting an employee to consider and act on a presentment involving an offense committed against the employer of said employee "possibly violates the spirit of said statute."

The trial judge noted that the grand juror Holliday signed the presentment along with the other grand jurors. He felt the fact that the grand juror was an employee of the prosecutor, or under the supervision of the Director of Schools, a witness appearing before the grand jury, could have influenced his decision to vote for the presentment. The trial judge said:

> Such a situation possibly violates the spirit of Section 40-1613, Tennessee Code Annotated.

He stated that he felt that the ends of justice would be better served if an indictment or presentment were acted upon by a grand jury having thereon no person who could possibly be interested in the prosecution, either directly or indirectly.

The State did not choose to proceed upon that suggestion of the trial judge that the matter be submitted to a different grand jury, but excepted to his final order sustaining the plea in abatement and perfected an appeal in the nature of a writ of error to this Court. The State also excepted to the action of the trial judge in sustaining the motion to quash filed by defendant Felts to the second count of the presentment, but the State has not pursued that matter here, nor is that ruling of the trial judge assigned as error before us.

No proof was taken in connection with the plea in abatement, and there is no showing whatever of any connection between the Director of the Metropolitan Schools and the grand juror Holliday, other than that Holliday is a school teacher in one of the many schools in the Metropolitan educational system. There is no showing that grand juror Holliday had any special relationship with the Director, who was a witness before the grand jury, or that he had any leaning, bias, prejudice or other special connection with the prosecution in any way.

Many years ago this Court decided the case of *State v. Chairs,* 68 Tenn. 196 (1877). In that case a magistrate who had heard the case against the defendants upon preliminary examination and had committed the defendants to answer the charge was later the foreman of the grand jury which indicted them. Under these circumstances the trial judge sustained a plea in abatement to the in-

dictment. This Court reversed. The Court quoted the provisions of the disqualifying statute at that time, which were the same as those now carried in T.C.A. sec. 40-1613. Finding that the grand juror in question did not come within any of the disqualifying provisions, the Court held that he was qualified to act in the case, and expressly noted that the mere fact that a grand juror had formed a pre-conceived opinion about the case did not disqualify him from serving on the grand jury. The Court said:

We do not understand that our laws require that the grand juror shall be free from any previous opinions as to the guilt of the accused.

It is, of course, elementary that the grand jury does not determine the guilt or innocence of an accused, but simply is an investigatory and accusatory body which determines whether or not there is sufficient evidence to justify bringing an accused to trial.

While we recognize that the trial judge has some discretion in matters such as this, we are not content to hold that every employee of the Metropolitan School System would be disqualified from serving in a case in which theft of property from the Board of Education was involved. This would seem to us to be a wholesale exclusion without statutory authorization. As previously pointed out, there is no allegation that the particular grand juror had any knowledge whatever about the transaction, that he was in any way subjected to any improper influences, or that he acted on anything other than the evidence presented to all of the grand jurors.

We are of the opinion that the trial judge was in error in sustaining the plea in abatement upon the bare

proposition that one of the members of the grand jury was an employee of a department of government whose property had allegedly been stolen.

The defendants below have filed a petition for writ of error, excepting to the actions of the trial judge in not sustaining the other grounds of their respective motions to quash and pleas in abatement. It is correctly pointed out in the reply brief of the State, however, that these actions of the trial judge are not final orders in the cases. Upon remand of the cases to the trial court, they will proceed to final judgment, and the defendants may then have their appeal if the final judgment is adverse to them. See T.C.A. sec. 40-3401; *Jones v. State,* 206 Tenn. 245, 332 S.W.2d 662 (1960); *McGee v. State,* 207 Tenn. 431, 340 S.W.2d 904 (1960).

It results that the judgment of the trial court sustaining the plea in abatement is reversed, and this case is remanded for further proceedings not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.