# DANNY BENNETT, Petitioner, v. STATE OF TENNESSEE, Respondent.

## 453 S.W.2d 430.

Court of Criminal Appeals of Tennessee. Feb. 4, 1970.

Certiorari Denied by Supreme Court April 6, 1970.

John P. Colton, Jr., Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, for respondent.

## OPINION

MITCHELL, Judge.

Danny Bennett, the petitioner below, who will be referred to by name or as petitioner was indicted in the Criminal Court of Shelby County, Tennessee, on three separate indictments returned by the Grand Jury on August 18, 1964, charging robbery by the use of a deadly weapon on three different people on three different dates, December 31, 1962; January 2, 1963 and January 3, 1963.

Capias was issued immediately on said indictments. He has never been tried on these indictments.

On May 12, 1969, Danny Bennett filed in the Criminal Court of Shelby County, a petition in which he alleged he was at present confined in the Mississippi State Penitentiary. That he was arrested and lodged in jail in Tippah County Jail January 4, 1963, on a charge of burglary. That he was taken without extradition from Tippah County Jail by Memphis City Police to Memphis, questioned and returned to Tippah County Jail. That a detainer was placed against him by Memphis authorities. He served twenty (20) months in Mississippi penitentiary and was released. During that twenty (20) months no extradition proceedings were commenced by Tennessee to bring him to trial on the charges of armed robbery in Memphis.

August 10, 1964, extradition proceedings were brought against petitioner, but petitioner refused to sign extradition papers. A fugitive bond was placed on him and he was released.

March 23, 1965, petitioner was granted a hearing by

the Governor of Mississippi who refused to extradite him and the fugitive bond was cancelled. From that date no attempt was made to return him to Memphis for trial.

March 17, 1966, petitioner was convicted of armed robbery and sentenced to serve eight (8) years in the Mississippi State Penitentiary. After that he was notified the detainer had been activated against him thereby harassing him and prejudiced his chances of being placed in any position of trust by the prison authorities.

The petitioner alleged his constitutional rights have been violated in that he has been deprived of a speedy trial. That if the State of Tennessee had tried they could have secured custody of him, and his guilt or innocence determined before a period of six (6) years had elapsed.

In the conclusion of his petition, Danny Bennett prays that the Court remove the charges of armed robbery against him in Shelby County and make an order removing the detainer which has been placed with the Warden of the Mississippi Penitentiary.

The record shows that on June 16, 1968, the District Attorney General of Shelby County made an effort to obtain custody of petitioner from the Warden of the Mississippi Penitentiary.

The capias which was issued the 18th day of August, 1964, for petitioner shows it was executed July 1, 1969, by arrest of the defendant and placing him in the county jail and signed by the sheriff of Shelby County. The record does not clearly show how petitioner got back to Shelby County.

The robbery indictments in Memphis against petitioner charge the offenses were committed December 31, 1962, January 2 and 3, 1963, and according to the allegations in his petition he was arrested and placed in jail in Mississippi on a charge of burglary January 4, 1963, which was before the Shelby County authorities could take him into custody and bring him to trial.

On July 9, 1969, Honorable Perry H. Sellers, Judge of the Criminal Court of Shelby County considered Danny Bennett's petition or motion to remove the charges of armed robbery and the detainer against him, overruled and dismissed the motion or petition without an evidentiary hearing. Petitioner then appealed to this Court.

Of course, the petitioner's return to Shelby County removes the question concerning the detainer.

The question before this Court now is whether the trial court erred in dismissing the petition or motion filed by the petitioner without an evidentiary hearing.

By his motion or petition, Danny Bennett seeks to have the indictments against him dismissed, on the ground he has been denied a speedy trial, and in support of his contention he cites, Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 374, 21 L.Ed.2d 607.

The opinion in Smith v. Hooey, supra, requires the states to make a good faith effort to return an accused to the jurisdiction for a speedy trial. Tennessee authorities made good faith efforts to obtain custody of the petitioner but were unsuccessful. This seems to be conceded in petitioner's brief in which he also says that if he is to be tried on the 1964 robbery indictments, the failure to make an attempt to bring him to trial should be raised at the hearing.

The Hooey case does not entitle an accused to a discharge but requires that a good faith effort be made to obtain custody of accused for the purpose of trial.

The petitioner was charged with the commission of armed robbery in Shelby County on December 31, 1962, January 2 and 3, 1963, then burglary in Mississippi January 4, 1964. On the last mentioned charge he was taken in custody, tried, convicted and sentenced after serving twenty (20) months he was released.

August 10, 1964, extradition proceedings were brought against him by Tennessee authorities but he refused to sign extradition papers. March 23, 1965, an extradition hearing was held by the Governor of Mississippi who refused to extradite him. March 17, 1966, petitioner was convicted of armed robbery and sentenced to serve eight years in the Mississippi State Penitentiary.

The petitioner was so busy burglarizing and robbing, and serving sentences for his crimes in Mississippi, that the Tennessee authorities were unsuccessful in their efforts to bring him back to Tennessee. One attempt to extradite him was prevented by his refusal to sign "extradition papers." Another was defeated by the refusal of the Governor of Mississippi to surrender custody of him, evidently because of the charges of burglary and robbery in that State.

We think the State of Tennessee made more than one good faith effort to obtain custody of petitioner, and that his petition or motion is premature. When he is brought to trial he will have ample opportunity to make the question about a speedy trial. That there is no allegation that would show he has been prejudiced by the delay in

bringing him to trial, but the meager information about the case shown by the allegations in the petition show the delay has been brought about by petitioner's commission of crimes in Mississippi for which he was tried, convicted and sentenced in that State and by the State of Tennessee's unsuccessful efforts to extradite him.

Since the question concerning the detainer is no longer at issue and there is no final determination in the Criminal Court on the question of a speedy trial, this proceeding by the petitioner is premature. It was held by our Supreme Court in Allen v. State, 194 Tenn. 297, 250 S.W.2d 539:—

"This Court has over a long period of time held that when there is no final adjudication in these criminal cases then an appeal would not lie. See Nolin v. State, 46 Tenn. 12; Jordan v. State, 124 Tenn. 81, 135 S.W. 327, 34 L.R.A.,N.S., 1115; Mason v. State, 169 Tenn. 52, 82 S.W.2d 862."

We think the trial court was correct in dismissing petitioner's motion or petition.

The assignments of error are overruled and the judgment is affirmed.

We are grateful to court appointed counsel for able representation of the petitioner in this case.

RUSSELL and HYDER, JJ., concur.