IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 26, 2019 Session

## STATE OF TENNESSEE v. PAUL THOMAS WELCH, JR.

**Appeal from the Criminal Court for Monroe County**
**No. 17166     Sandra Donaghy, Judge**

_____

### No. E2018-01356-CCA-R3-CD
_____

The State appeals the Monroe County Criminal Court's dismissal of the charge of vehicular assault by intoxication against the defendant, Paul Thomas Welch, Jr. Because the trial court erred by dismissing the charge, we vacate the trial court's order, reinstate the indictment charging the defendant with vehicular assault by intoxication, and remand the case for further proceedings consistent with our opinion.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Ashley Ervin, Assistant District Attorney General, for the appellant, State of Tennessee.

Robert L. Jolley, Jr. (at hearing and on appeal), and Emma M. Steel (on appeal), Knoxville, Tennessee, for appellee, Paul Thomas Welch, Jr.

## OPINION

In June 2017, the Monroe County Grand Jury charged the defendant with one count each of vehicular assault by intoxication, driving a motor vehicle without a valid driver's license, and violating the financial responsibility law. The grand jury returned a no true bill for four additional charges, including a charge of driving under the influence ("DUI").

Following the return of the indictment, the defendant moved the trial court to dismiss the charge of vehicular assault on grounds that the grand jury's refusal to

charge him with DUI precluded an indictment for vehicular assault by intoxication. At the June 18, 2018 hearing on his motion, the defendant argued that, because DUI is a lesser-included offense of vehicular assault by intoxication and because the grand jury had returned a no true bill when presented with a DUI charge, the vehicular assault charge should be dismissed. The State agreed that DUI is a lesser-included offense of vehicular assault by intoxication but argued that the grand jury's returning a no true bill on the DUI charge did not preclude the State from pursuing the indictment for vehicular assault. The trial court agreed with the defendant and dismissed the vehicular assault charge, stating that the dismissal was without prejudice and that the vehicular assault charge "maybe could be rebrought if it's still within the statute of limitations." In its written order granting the defendant's motion to dismiss, the trial court reasoned:

> Since the Grand Jury deliberations are all done outside the purview of the District Attorney's Office, the decision to no bill the DUI charge and the deliberations involved are unknown to this Court. Since a DUI is a lesser-included of Vehicular Assault, Count 1 of Vehicular Assault must be dismissed.

In this timely State appeal, the State argues that the trial court erred by dismissing the vehicular assault charge. The defendant contends that the State has no right of direct appeal on this matter and that the trial court did not err by dismissing the charge.

The State filed a notice of appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, which provides a right of appeal to the State when, among other things, "an order or judgment entered by a trial court" has "the substantive effect of . . . dismissing an indictment, information, or complaint." Tenn. R. App. P. 3(c). "When a statute affords a state or the United States the right to an appeal in a criminal proceeding, the statute will be strictly construed to apply only to the circumstances defined in the statute." *State v. Meeks*, 262 S.W.3d 710, 718 (Tenn. 2008) (citing *Carroll v. United States*, 354 U.S. 394, 400 (1957); *State v. Adler*, 92 S.W.3d 397, 400 (Tenn. 2002) *superseded by statute on other grounds as recognized in State v. Rowland*, 520 S.W.3d 542 (Tenn. 2017)).

As indicated, the defendant asserts that the State has no appeal as of right flowing from the trial court's order because the order did not result in the dismissal of the entire indictment in this case. Contrary to the defendant's assertion, however, it has always been the law in this state that "each count" of a multiple-count indictment "is a separate indictment." *Wiggins v. State*, 498 S.W.2d 92 (Tenn. 1973); *see also State v.*

-2-

*Lea*, 41 Tenn. 175, 177-78 (1860) ("Each count must be a complete indictment within itself, charging all the facts and circumstances that make the crime."). Because, in this case, the trial court dismissed the indictment charging the defendant with vehicular assault, the State has a right to appeal that decision via Rule 3.

We now turn to the question whether the trial court erred by granting the defendant's motion to dismiss the vehicular assault charge. The State contends that no authority supported the trial court's dismissal of the vehicular assault charge on the ground that the grand jury declined to indict a lesser-included offense. The defendant argues that the trial court properly dismissed the vehicular assault charge pursuant to its general supervisory powers.

Citing *State v. Harris,* the defendant urges this court to review the trial court's ruling for abuse of discretion. *See State v. Harris*, 33 S.W.3d 767 (Tenn. 2000). Although *Harris* does state that "[t]he decision whether to dismiss an indictment lies within the discretion of the trial court," the issue presented in *Harris* concerned the dismissal of an indictment under Tennessee Rule of Criminal Procedure 48, which grants trial courts the discretion to dismiss an indictment sua sponte for unnecessary delay in prosecution. *See Harris*, 33 S.W.3d at 769-70 (citing *State v. Benn*, 713 S.W.2d 308, 311 (Tenn. 1986)); *see also* Tenn. R. Crim. P. 48(b). Similarly, *State v. Benn*, which was cited by the court in *Harris*, concerns only the dismissal of indictments by the trial court under the terms of Rule 48. *Benn*, 713 S.W.2d at 311. Because this case does not concern dismissal of an indictment via Rule 48, those authorities are inapt.

Although not cited by the defendant in his motion to dismiss, a trial court's pretrial dismissal of an indictment most often occurs under the terms of Tennessee Rule of Criminal Procedure 12. When assessing the propriety of the dismissal of an indictment via Rule 12, a reviewing court engages in a two-step process:

> First, we must determine whether the trial court based its decision upon findings of law, which would be appropriate, or findings of fact that should have been presented to a jury. Second, as to questions of law, we review the trial court's holding de novo with no presumption of correctness.

*State v. Sherman*, 266 S.W.3d 395, 403 (Tenn. 2008) (citations omitted). "Generally speaking, pre-trial motions to dismiss that are 'capable of determination' involve questions of law, rather than fact." *Id.* (citation omitted). Because the issue here, whether the grand jury's failure to charge the defendant with DUI operates to bar the charge of vehicular assault by intoxication, is a question of law, our review is de novo

-3-

with no presumption of correctness afforded to the ruling of the trial court. *See id.*; *see also State v. Thompson*, 197 S.W.3d 685, 690 (Tenn. 2006).

As indicated, the defendant moved the court to dismiss the vehicular assault charge given that DUI is a lesser-included offense of vehicular assault and that "the Grand Jury found no DUI had occurred."[1]  Although the trial court, in its order dismissing the vehicular assault charge, acknowledged that the grand jury's "decision to no bill the DUI and all the deliberations involved are unknown to this [c]ourt," it nevertheless granted the defendant's motion finding that, because the grand jury did not indict on the charge of DUI, the greater charge of vehicular assault "must be dismissed."

The grand jury "simply is an investigatory and accusatory body which determines whether or not there is sufficient evidence to justify bringing an accused to trial." *State v. Felts*, 418 S.W.2d 772, 774 (1967).  As the trial court acknowledged, the grand jury performs its investigatory function and makes the determination whether to return an indictment in secret.  *See* Tenn. R. Crim. P. 6(h) (providing that neither the district attorney general nor any other "officer or person" may be present with the grand jury "when the question is taken upon the finding of an indictment"); Tenn. R. Crim. P. 6(k) (providing that, except under circumstances not present in this case, "[e]very member of the grand jury shall keep secret the proceedings of that body and the testimony given before it"); *see also State v. Penley*, 67 S.W.3d 828, 833 (Tenn. Crim. App. 2001); *Tiller v. State*, 600 S.W.2d 709, 712 (Tenn. 1980).  Because grand jury deliberations occur in secret, it is not possible to conclude that the grand jury's failure to return an indictment for DUI in this case equated to the grand jury's finding that no DUI occurred.  We simply cannot know why the grand jury declined to indict on the charge of DUI.  As is the case when the petit jury returns inconsistent verdicts, "it is unclear whose ox has been gored." *United States v. Powell*, 469 U.S. 57, 65 (1984).  Perhaps the grand jury thought that the DUI charge was redundant.  We just do not know.

Furthermore, because "the grand jury does not determine the guilt or innocence of an accused," *see Felts*, 418 S.W.2d at 774, the grand jury's decision to return a no true bill on the DUI cannot be interpreted as a judgment on the legal sufficiency of the evidence underlying that, or any other, charge presented.  Indeed, the

---

[1]     The effort actually suggests an attempt to obtain a summary judgment based upon the insufficiency of the evidence, a result that is generally prohibited in criminal law. *See, e.g., State v. Goodman*, 90 S.W.3d 557, 561 (Tenn. 2002) ("Where the factual findings necessary to resolve the [pretrial] motion are intertwined with the general issue, a ruling must be deferred until trial since, in criminal cases, there simply is no pretrial procedure akin to summary judgment for adjudicating questions of fact involving the general issue of guilt or innocence.").

courts of this state "follow the ancient rule that the court will not review the judgment of the grand jury for the purpose of determining whether or not the finding was on sufficient evidence." *Parton v. State*, 455 S.W.2d 645, 648 (Tenn. Crim. App. 1970); *see State v. Gonzales*, 638 S.W.2d 841, 845 (Tenn. Crim. App. 1982) ("[I]ndictments are not open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury to support it." (citations omitted)). "An indictment returned by a grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *Gonzales*, 638 S.W.2d at 845 (citing *Burton v. State*, 377 S.W.2d 900 (Tenn. 1964); *State v. Northcutt*, 568 S.W.2d 636 (Tenn. Crim. App. 1978); *Parton*, 455 S.W.2d at 648).

The defendant argues that the trial court had the power to dismiss the indictment via its inherent supervisory authority over its proceedings. It is true that "the courts of this state have the inherent power to supervise and control their own proceedings," *see State v. Bragan*, 920 S.W.2d 227, 239 (Tenn. Crim. App. 1995) (citing *Andrews v. Bible*, 812 S.W.2d 284 (Tenn. 1991)), and that, for example, "dismissal of an indictment may be appropriate under a court's general supervisory authority where prosecutorial misconduct, while short of constitutional error, has prejudiced a defendant or affected the charging decision by the grand jury," *see State v. Culbreath*, 30 S.W.3d 309, 317 (Tenn. 2000) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988)). In this case, however, there has been no allegation of prosecutorial misconduct affecting the charging decision to warrant dismissal of the indictment as a function of the court's general supervisory authority. Additionally, the defendant has failed to cite any authority to support his contention that the supervisory authority of trial courts is more expansive than that of the appellate courts such that it would permit the dismissal of the indictment under the circumstances presented here.

Moreover, although the grand jury "operates within the aegis of the circuit or criminal court," the "trial court's role in enabling the activities of the grand jury does not empower it to become involved in the business of that body." *Penley*, 67 S.W.3d 828, 831 (Tenn. Crim. App. 2001) (citations omitted). Allowing the trial court to dismiss an indictment on the basis of speculation into seemingly inconsistent decisions rendered by the grand jury would improperly encroach upon the independence of that body.

Accordingly, we vacate the order of the trial court, reinstate the indictment charging the defendant with vehicular assault by intoxication, and remand for further proceedings consistent with this opinion.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-