John C. SHEEHAN, Plaintiff-Appellee,

v.

Frank P. DOYLE et al.,
Defendants-Appellants.

No. 74–1318.

United States Court of Appeals,
First Circuit.

Argued Dec. 2, 1974.

Decided March 31, 1975.

---

Albert L. Jacobs, Jr., New York City, with whom Jacobs & Jacobs, P. C., New York City, Owen F. Clarke, Jr., and Sullivan & Worcester, Boston, Mass., were on brief for defendants-appellants.

Thomas E. Spath, with whom N. Dale Sayre, McLean, Boustead & Sayre, New York City, Robert J. Horn, Jr., Kenway & Jenney, Boston, Mass., were on brief for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

This appeal concerns the authority of the District Court for the District of Massachusetts to order discovery in aid of a patent interference proceeding being conducted before the Board of Patent Interferences in Arlington, Virginia.

Doyle (a name used for three nonresident aliens) is engaged in an interference in the United States Patent Office against Sheehan, a Massachusetts resident. *See* 35 U.S.C. § 135. At issue is whether Doyle or Sheehan is the first inventor of processes for the production of penicillin. Doyle has applied for a United States patent, Sheehan already having been granted one covering the same subject matter.

One might suppose that the scope of discovery for use in an interference[1] would be determined by the Patent Office or at least coordinated with the administrative proceeding within its jurisdiction; and Congress has in fact conferred statutory authority upon the Commissioner of Patents to "establish rules for taking affidavits and depositions required in cases in the Patent Office", 35 U.S.C. § 23, and the Commissioner has adopted certain rules, *see* note 1 *supra.* But in section 24, Congress has also conferred certain powers upon district courts. Historically section 24 developed to provide for the issuance of subpoenas to compel testimony and evidence required in Patent Office interferences; but a sentence in section 24 inserted by Congress in 1952 has been construed by a number of courts also to allow parties to an interference to obtain at any time broad-based discovery in dis-

---

1. An interference—an administrative proceeding in the Patent Office—follows a distinct format. After parties have preliminarily stated their positions, 37 C.F.R. §§ 1.215–1.223, and the period for filing motions has been set, *id.* §§ 1.231–1.244, the Board of Patent Interferences establishes a schedule for the parties' presentation of evidence by means of deposition, affidavit, or stipulation, *id.* § 1.251. The patent applicant who was later in time (the "junior party") is required to produce his evidence first and carries the burden of disproving the order of application. *Id.* § 1.257. Testimony is to be taken before an officer authorized to administer oaths, *id.* § 1.274, and must always be filed in the Patent Office, *id.* § 1.278. If objections are made to the witness or evidence, the evidence shall be taken anyway and the objection noted by the officer. *Id.* § 1.275(d). In determining whether to receive or exclude evidence, the Patent Office will "strictly" apply "the established rules of evidence". *Id.* § 1.286.

The discovery provision for interferences, Rule 287, only requires a party to furnish his opponent with lists of things, names of witnesses, and copies of documents "upon which the party intends to rely". *Id.* § 1.287(a). The senior party—Sheehan in this case—need not provide such materials to the junior party until the junior party has completed taking his testimony. There is no discovery of right of matters which might build an affirmative case for the discovering party or which might undercut the opponent's case-in-chief. However, the Board may grant further discovery privileges, within the scope of the Federal Rules of Civil Procedure, at any time during the proceedings "upon a showing that the interest of justice so requires". *Id.* § 1.287(c).

trict courts in separate, self-contained proceedings.[2] *See infra.* Such discovery goes on outside the ambit of the Patent Office proceeding and beyond the scope permitted without special approval under its rules.

Citing section 24 and bypassing the Patent Office's procedures, Doyle brought an independent action in the District Court for the District of Massachusetts to obtain discovery from Sheehan under the Federal Rules of Civil Procedure. The court issued a subpoena duces tecum against Sheehan and, after hearing Sheehan's objections, refused to quash the subpoena and directed Sheehan to produce the requested records and appear to be deposed. In addition to the discovery of Sheehan, Doyle's counsel was able to obtain from the court subpoenas duces tecum against two organizations, also located in Massachusetts, having an interest in the Sheehan patent. Doyle's goal in these ancillary proceedings has been to discover evidence that an abandoned Sheehan patent application in 1957, while disclosing some processes, did not disclose enough to en-

able Sheehan to claim first invention to the processes for which Sheehan obtained the disputed patent in 1959 and as to which Doyle has a claim to invention dating from late 1957.

While Doyle's discovery was in progress, Sheehan, also invoking section 24, filed a request under Rule 34, Fed.R. Civ.P.,[3] for the production of documents from Doyle and his assignee, Beecham Research Laboratories, Inc. (BRL), a British corporation and the real party in interest. Sheehan sought documents of tests and evaluations, made by BRL and to be introduced in interference testimony, concerning the sufficiency of the Sheehan disclosure in its abandoned 1957 application. After considering arguments for and against compelling discovery from the nonresident aliens, the district court ordered Doyle and BRL to produce those documents sought that were not privileged. From this order Doyle now appeals. Doyle objects to the order on grounds of lack of personal jurisdiction and proper venue, as he is a nonresident alien with no ties to Massachusetts. We do not reach these argu-

**2.** Section 24, 35 U.S.C. § 24, provides in its entirety,

"Subpoenas, witnesses"

"The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. *The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent Office.*

Every witness subpoenaed and in attendance shall be allowed the fees and traveling expenses allowed to witnesses attending the United States district courts.

A judge of the court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify. No witness shall be deemed guilty of contempt for disobeying such subpoena unless his fees and traveling

expenses in going to, and returning from, and one day's attendance at the place of examination, are paid or tendered him at the time of the service of the subpoena; nor for refusing to disclose any secret matter except upon appropriate order of the court which issued the subpoena." [Emphasis supplied.]

**3.** Rule 34(a), Fed.R.Civ.P., provides in pertinent part:

"Any party may serve on any other party a request (1) to produce and permit the party making the request, or someone acting on his behalf, to inspect and copy, any designated documents . . . or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served . . . ."

Rule 26(b) generally allows a party to obtain discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action". Rule 26(b) further provides, "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

**898**

ments because we hold that section 24 does not confer jurisdiction upon the district court, acting on its own, to grant Rule 34 discovery directly, whether against a nonresident alien or a resident citizen.

■ A threshold question is the appealability of the district court's discovery order. A discovery order is not usually "final"—and hence not immediately appealable—as the litigation in conjunction with which the discovery is sought is still pending in the district court. 28 U.S.C. § 1291. Discovery here, however, is ancillary to the interference in Arlington, Virginia, at the Patent Office, and nothing else was pending at the time in the Massachusetts court. The instant order, therefore, concluded—at least for the moment—the business of the district court. Thus, while the usual policy against piecemeal appellate review dictates otherwise, we must regard the order as final and appealable. *See* Natta v. Hogan, 392 F.2d 686, 689 (10th Cir. 1968). (Indeed, Doyle has sought more discovery since this appeal was heard, and the district court's next ruling would likewise be final and appealable.)

■ The next issue is whether section 24 authorizes the Rule 34 discovery Sheehan seeks. When this appeal was argued, it was accepted among the circuits that had passed on the matter that section 24 authorized discovery beyond that permitted by the Patent Office, and in particular the production of documents from a party by means of a Rule 34 motion. *See, e. g.,* Babcock & Wilcox Co. v. Combustion Engineering, Inc., 430 F.2d 1177 (2d Cir. 1968), aff'g mem. 314 F.Supp. 235 (D.Conn.1968); In re Natta, 388 F.2d 215 (3d Cir. 1968); Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968); Natta v. Zletz, 379 F.2d 615 (7th Cir. 1967); Gladrow v. Weisz, 354 F.2d 464 (5th Cir. 1965). However, subsequent to argument the Third Circuit ruled, en banc, that section 24 merely confers

upon district courts jurisdiction to issue, in aid of the interference, subpoenas as provided in Fed.R.Civ.P. 45(a), (b), (c), (d)(2) & (3), and (f).[4] Frilette v. Kimberlin, 508 F.2d 205 (3d Cir. 1975) (en banc). The practical effect of this ruling is to permit the compelling of testimony and evidence by the district court which is sought at the proper stage of the Patent Office proceeding, and also to allow the issuance of subpoenas in aid of discovery as authorized by the Patent Office but not otherwise. *See* note 1 *supra.*

The Third Circuit's decision was a reversal of its position in *In re Natta, supra,* and a vindication of Judge (now Chief Judge) Seitz's dissenting opinion in the earlier case. 388 F.2d at 221–23. Unlike that circuit, this circuit has never previously passed on the matters.

We believe that the broad reading which courts have given section 24 over recent years goes beyond what Congress could reasonably have had in mind. The unfortunate effect is to generate self-contained discovery proceedings out of joint with the administrative proceeding to which, ostensibly, they are linked. The arguments and analysis, which we adopt and need not repeat, are well set forth in *Frilette* and in Judge Seitz's dissent in *In re Natta.* We agree that section 24 is simply a provision giving teeth, through the courts' subpoena powers, to authority conferred upon the Commissioner of Patents. Such a reading is consistent with the fact that section 23 confers general authority upon the Commissioner of Patents to promulgate rules with respect to depositions and affidavits; with the tenor of section 24; and with the absence of evidence that any sweeping substantive change was intended in the 1952 redraft of section 24 which introduced the sentence in question. If Congress had intended to erect a freewheeling discovery vehicle totally outside the control of the Patent Office, one would have expected some inkling in the legislative history.

**4.** Rule 45(d)(1), Fed.R.Civ.P., authorizes the compelling of discovery within the scope of Rule 26(b), *see* note 3 *supra,* and therefore is inconsistent with the existing Patent Office discovery rules for interferences.

Our decision does not have the effect of precluding broad-based Federal Rules discovery in patent interferences to the extent permitted by the Commissioner, whose rules presently allow such discovery "if justice so requires". *See* note 1 *supra*. Judicial subpoenas that may appropriately aid in any such authorized discovery, as well as to obtain testimony and evidence for use in the proceeding in progress, remain available. Our decision merely precludes use of federal courts as alternative forums of first resort rather than as forums acting strictly in aid of the primary proceeding.

Sheehan contends that the effect of a decision following the Third Circuit would be to insulate nonresident aliens from ancillary discovery, since a subpoena cannot be served upon them. But ancillary judicial discovery is unnecessary as to parties, since the Commissioner has the power to compel testimony or evidence by the threat of dismissing the application. *See* 37 C.F.R. § 1.259. The Patent Office has no power to compel the attendance of nonparty witnesses or to enforce the production of evidence from them, and this need was apparently the main reason that Congress conferred ancillary jurisdiction upon federal courts, with their subpoena power and threat of contempt.

It may nevertheless seem unfair in this case to deny Sheehan discovery against Doyle after Doyle has had the advantage of extensive discovery from Sheehan under section 24.[5] However, we are not inclined to impose our notions of fairness on the agency which has been delegated primary authority to control the interference. Moreover, evidence not taken in accordance with the Patent Office rules will not be considered in determining the interference, 37 C.F.R. § 1.271, and in any event a party aggrieved may litigate through *de novo* proceedings in the district court, 35 U.S.C. § 135.

Reversed. No costs.

5. Even during the junior party's testimony period, the junior party may not plunge into the senior party's direct case by issuing subpoenas

to the senior party. Such a course would be contrary to the set order of taking testimony.