John C. Zimmermann, Asst. Atty. Gen., Nashville, for appellee.

Jude T. Lenahan, Charles R. Ray, Nashville, for appellant.

OPINION

DAUGHTREY, Judge.

In this case the trial court granted the defendant an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, to permit review of an order denying the defendant's pretrial discovery motion. Because we hold that a criminal defendant

STATE of Tennessee, Appellee,

v.

Craig GAWLAS, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 13, 1980.

may not appeal such an order on an interlocutory basis, we disallow the Rule 9 motion and remand the case for further proceedings in the trial court.

The current controversy arose when the defendant filed a pretrial motion in the trial court to compel the State to disclose the identity of a confidential informant mentioned in the affidavit of a search warrant which had previously been executed against him. The trial court ruled that the request was controlled by *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (nonparticipating confidential informant held not a material witness; disclosure not required), rather than by *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) (confidential informant participating in transaction held a material witness; disclosure required). In its order denying the defendant's motion to compel the State to disclose the identity of the informant, the trial court further stated:

Defendant having requested the right to an interlocutory appeal, and the Court being of the opinion that the question of whether or not the individual in question is a material witness or an informant is valid and the Court grants same.

The only other reference to the factors which led the trial court to permit appeal is the trial judge's assertion that "a genuine issue exists" based on the evidence presented with regard to whether the informant is a "material witness whose identity must be revealed." It is stated that "the identity of this witness would be material in preparing a defense."

■ The reasons cited by the trial court for granting the interlocutory appeal do not include any of the three legal criteria listed in Tennessee Rule of Appellate Procedure 9(a) and required to be included in the order by Rule 9(b): (1) the need to prevent irreparable injury; (2) the need to prevent needless, expensive, and protracted litigation; and (3) the need to develop a uniform body of law.

■ It is thus clear that the trial court's order is not sufficient to confer jurisdiction upon this court pursuant to Rule 9. Nor do we believe that the question in dispute here could be properly certified to this Court under that rule. Because of the rather recent vintage of our Rules of Appellate Procedure, which took effect July 1, 1979, the law regarding permissive interlocutory appeals under Rule 9 is not yet well-developed in this State. However, we conclude that case law developed under our former certiorari procedure is relevant to motions brought under Rule 9. Moreover, the Advisory Commission Comment to Rule 9 indicates that the procedures outlined in that rule "are essentially those followed in federal practice ... under 28 U.S.C. § 1292(b)."

The federal courts allow appeals from interlocutory orders only "when they have a final and irreparable effect on the rights of the parties." *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The *Cohen* court noted:

The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

\* \* \* \* \* \*

Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps toward final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results.

*Cohen, supra*, 337 U.S. at 546, 69 S.Ct. at 1225.

*Cohen* has been analyzed as involving three elements: (1) whether the district court order fully disposes of the question; (2) whether the decision is merely a step toward final disposition of the merits of the case that would be merged in the final judgment; and (3) whether the ruling involves an important right which would be

lost if review had to await final judgment. Comment, *Interlocutory Appeals in Criminal Cases: An Open But Closely Guarded Door*, 66 Geo.L.J. 1163, 1164 (1978) [hereinafter cited as Comment].

The United States Supreme Court has thus permitted interlocutory review in *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (pretrial order denying reduction in bail) and *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) (pretrial order denying motion to dismiss an indictment on double jeopardy grounds). By contrast, interlocutory appeal has been disallowed in cases such as *DiBella v. United States*, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962), in which appeal was sought from an order denying a preindictment motion to suppress evidence.

In the case at bar, interlocutory review of a decision by the trial court to deny discovery (of the name of the informant) is sought. One commentator has considered the general issue as follows:

> Because a ruling on a discovery motion is neither a final determination of any right nor collateral to the merits of the case, [interlocutory] appeal under the *Cohen* doctrine is inappropriate. [Footnotes omitted].

Comment at 1180–81.

Two federal cases have held that the Government may properly be granted an interlocutory appeal from trial court orders to produce the names of prospective witnesses. *See United States v. Battisti*, 486 F.2d 961 (6th Cir. 1973); *United States v. Cannone*, 528 F.2d 296 (2d Cir. 1975). But language in several other federal cases, and in at least one state case, indicates that interlocutory review of trial court orders denying motions for discovery is generally improper. *United States v. Sorren*, 605 F.2d 1211, 1215 (1st Cir. 1979); *People v. Jakuboski*, 42 Ill.App.3d 1067, 1 Ill.Dec. 458, 356 N.E.2d 646, 648 (1976); *Sheehan v. Doyle*, 513 F.2d 895, 898 (1st Cir. 1975); *Browning Debenture Holders' Committee v. DASA Corporation*, 524 F.2d 811, 817 (2d Cir. 1975). The distinction in treatment between interlocutory appeals brought by the Government and those by a criminal defendant undoubtedly arises from the fact that the Government may take no direct appeal from a judgment of acquittal and thus may suffer irreparable injury if interlocutory review is withheld. *Cf. State v. Shaw*, 603 S.W.2d 741 (Tenn.Cr.App.1980). As to the defendant, however, denial of a discovery motion is not a "final decision" and thus is reviewable only on direct appeal. *Cf. State v. Felts*, 220 Tenn. 484, 418 S.W.2d 772 (1967). The purely interlocutory nature of motions for discovery also puts them in dramatic contrast with motions to reduce bail, where an improper denial will permit of no relief on direct appeal and thus would cause "irreparable injury," and with motions to dismiss on double jeopardy grounds, where an improper denial would have the effect of conferring ostensible jurisdiction on a court without authority to try the defendant, and thus would lead to "needless litigation." *See Stack v. Boyle, supra; Abney v. United States, supra.* Of a similar nature is the interlocutory appeal of a denial of pretrial diversion, which is permitted under Tennessee law. *Dearborne v. State*, 575 S.W.2d 259 (Tenn.1978).

The State argues that in the absence of a transcript of the evidence heard below, the trial court's ruling that the confidentiality of the informant's identity is protected by *McCray v. Illinois, supra*, must be presumed to be correct. However, we decline to rule on the merits of the issue presented, finding as a threshold matter that this Court has no jurisdiction under Rule 9 to entertain an appeal in this case.

The judgment of the trial court permitting review under Rule 9 is vacated and the case is remanded for further proceedings.

CORNELIUS and SCOTT, JJ., concur.