IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1999 SESSION

FILED

February 2, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| KENNETH WEEMS, | * | C.C.A. # W1999-00033-CCA-R3-PC |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. John P. Colton, Jr., Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

John E. Finklea, Attorney
99 North Third Street
Memphis, TN 38103
(on appeal)

Wayne Chastain, Attorney
66 Monroe, Suite 804
Memphis, TN 38103
(at evidentiary hearing)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Nashville, TN 37243

P.T. Hoover
Assistant District Attorney General
Criminal Justice Center
Third Floor
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Kenneth Weems, appeals the trial court's denial of his petition for post-conviction relief. The single issue presented for review is whether the petitioner was denied the effective assistance of counsel for having failed to timely file an interlocutory appeal of an order denying the suppression of certain of the state's evidence. We find no error and affirm the judgment of the trial court.

On June 29, 1995, the petitioner was convicted of the first degree murder of his girlfriend, Alice Hurt, and the second degree murder of their unborn son, a viable fetus. The victim, who was stabbed to death, was eight and one-half months pregnant. The trial court imposed a life sentence for first degree murder and a sentence of fifteen years for the second degree murder. This court affirmed the conviction and sentence on direct appeal. State v. Kenneth L. Weems, No. 02C01-9401-CR-00011 (Tenn. Crim. App., at Jackson, July 26, 1996). On January 6, 1998, the petitioner filed this petition for post-conviction relief alleging, among other things, that he was denied the effective assistance of counsel. At the evidentiary hearing, the petitioner contended that his trial counsel failed to discuss any possible claims of defense, failed to interview defense witnesses individually, failed to present any exculpatory evidence, failed to object to improper jury instructions, and failed to timely file an interlocutory appeal. The petitioner testified on his own behalf and called three other witnesses.

The state's proof consisted of the testimony of the petitioner's trial counsel. At the conclusion of the hearing, the trial court made detailed findings addressing each and every assertion made by the petitioner. The trial court determined that trial counsel had rendered services well within the professional guidelines.

In this appeal, the petitioner specifically complains that the trial court erred by concluding that trial counsel was not ineffective when he failed to timely file an interlocutory appeal of an order denying the suppression of an enhanced audio

tape recording of events occurring at or near the time of the murder. The petitioner argues that trial counsel gave no explanation for having failed to file the interlocutory appeal other than the issue, even if resolved favorably to the defense, was not dispositive of the case. The petitioner insists that the "outcome ... may have been different ... had this important issue been resolved by interlocutory appeal."

In order for petitioner to be granted relief on grounds of ineffective counsel, he must establish that the advice given or the services were not within the range of competence demanded of attorneys in criminal cases and that, but for his counsel's deficient performance, the result of his trial would have been different. Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975); Strickland v. Washington, 466 U.S. 668 (1984). In a post-conviction proceeding, the petitioner has the burden of proving factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the trial court are conclusive on appeal unless the petitioner is able to establish that the evidence preponderates against those findings. Clenny v. State, 576 S.W.2d 12 (Tenn. Crim. App. 1978); Graves v. State, 512 S.W.2d 603 (Tenn. Crim. App. 1973).

This court may not second-guess the tactical and strategic choices of counsel unless those choices are uninformed because of inadequate preparation. Hellard v. State, 629 S.W.2d 4 (Tenn. 1982). Counsel may not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276 (Tenn. Crim. App. 1980).

In our view, the petitioner has failed to establish that he was prejudiced by the failure of the petitioner to file a timely interlocutory appeal. While an application for permission to appeal must be filed "within ten days after the date of entry of the order in the trial court or the making of the proscribed statement by the trial court, whichever is later ...," there were substantive reasons for the denial of the appeal. See Tenn. R. App. P. 9. In denying the interlocutory appeal, a panel of this

3

court ruled that the appeal, had it been timely filed, would not have been allowed because it was not dispositive of the case:

> This court will not grant an application for interlocutory appeal if the interlocutory order of the trial court is merely a step towards the disposition of the case; and the appellant can raise the issue on a direct appeal if he is convicted. State v. Gawlas, 614 S.W.2d 74 (Tenn. Crim. App. 1980). A ruling on a motion to suppress or exclude evidence is clearly a step taken in the disposition of a criminal case on the merits; and this court will not grant an application for an interlocutory appeal to review the judgment of the trial court denying such a motion. State v. Hartsville, 629 S.W.2d 907 (Tenn. Crim. App. 1980).

So, whether the interlocutory appeal was timely filed or not, this court would not have considered the issue. Moreover, the petitioner argued on direct appeal that the failure to suppress the evidence warranted a reversal of the conviction and a new trial. The petitioner specifically alleged that "the trial court committed error of prejudicial dimensions by permitting the jury to listen to the enhanced version of what was contained on the audio tape removed from the victim's pocket." The tape included the victim saying, among other things, "No, no, no, oh, no, Kenny, no. Why you want to do this? No, no." Screams were audible. In the direct appeal, this court concluded that the tape, "highly probative of the victim's and appellant's actions before, during, and after the killing," was admissible as evidence. Whether the issue was presented in an interlocutory appeal or in the direct appeal, the result would have been the same. The petitioner could not have been prejudiced by the failure of his counsel to have filed a timely interlocutory appeal.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
John Everett Williams, Judge



_____
Norma McGee Ogle, Judge

4