# Philadelphia, Appellant, *v.* Keystone Battery A. National Guard of Penna.

[Marked to be reported.]

*Taxation—Public charity—Military organization.*

A military organization, maintained by state appropriations and public subscriptions, whose only object is gratuitous service to the public without any profit or expectation of gain, is a purely public charity, and its property is not subject to taxation.

Under the act of June 4, 1879, P. L. 90, such an organization cannot be taxed upon a lot and building which it had bought for the purpose of an armory, and subsequently abandoned for a better location, during the interval between the abandonment of the first building and the erection of the new one.

Argued April 12, 1895. Appeal No. 101, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1892, No. 1260, on verdict for defendant. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Scire facias sur municipal lien for taxes. Before PENNY-PACKER, J.

At the trial it appeared that the property in question was purchased on May 24, 1889, by a corporation known as the Keystone Battery A, National Guard, of Pennsylvania. In the summer of 1889, the company began the construction of an armory upon the lot from funds collected by voluntary subscriptions. After the foundation walls had been erected, and a part of the stone for the superstructure laid, the lot was found unsuitable, and the work was stopped. The company, however, did not formally undertake to sell the lot until November, 1891. In July, 1892, it was sold to the University of Pennsylvania. The proceeds of the sale, together with other funds collected, were applied to the erection of an armory elsewhere, which is now completed and in occupation. The city claimed to collect the tax assessed for the year 1891 upon the lot in question. The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was above instruction.

*Chester N. Farr, Jr., E. Spencer Miller*, assistant city solici tor, and *John L. Kinsey*, city solicitor, with him, for appellant.— The facts that the property was purchased with the proceeds of public spirited contributions, and that the purchase money from its sale was applied to the erection of the armory else- where, have no weight upon the present decision.   The source of the destination of the funds represented by the property cannot entitle it to exemption, if the use be not such as is con- templated by the constitution of 1874, or the exempting stat- utes passed in pursuance of it: Phila. v. Barber, 160 Pa. 123 ; Phila. v. Mercantile Library Co., 161 Pa. 155 ; Phila. v. Am. S. S. Union, 161 Pa. 307.   .

The defendant must draw its exemption, if at all, from the acts of May 14, 1874, P. L. 158, and June 4, 1879, P. L. 90: Phila. v. Barber, 160 Pa. 123.

Ownership by a charitable corporation and application of all the proceeds to charitable purposes, afford not the slightest claim to privilege from the general burden of taxation.   The use, not the ownership, is decisive: Philadelphia v. Pennsylvania Hospital, 134 Pa. 171.

*J. Martin Rommel*, for appellee.—It was the common law of England, and has been generally followed in this country, that public property is exempt from taxation on general principles, and no constitutional or statutory provision is necessary to accomplish that purpose: Desty on Taxation, 34 ; Cooley on Taxation, 131 ; Directors of the Poor v. School Directors, 42 Pa. 21.

This reasoning still applies, notwithstanding that acts of April 8, 1873, and May 14, 1874, prescribing that " all real estate " shall be subject to taxation, for the general inference of the law is that the general language of statutes prescribing the property which shall be taxable is not applicable to public property.   " All property in the state means all private prop- erty, and does not include public property : " Peoples v. Mc- Creery, 34 Cal. 432 ; Trustees v. Trenton, 30 N. J. Eq. 667 ; Tener v. National Guard, 13 W. N. C. 310.

*Chester N. Farr, Jr., E. Spencer Miller*, assistant city so- licitor, and *John L. Kinsey*, city solicitor, with him, for appel-

lant, in reply.—It is very questionable whether the Keystone Battery is a public organization : See Twelfth St. Market Co. v. Philadelphia and Reading Terminal R. R., 142 Pa. 580, and McLeod v. Central Normal School Association, 152 Pa. 575.

We submit that no more can be claimed than that conceded by this court to the Central Normal School Association in the latter case, to wit, that it was an organization afforded by statute certain privileges on condition of submitting to certain requirements and restrictions.

The present case is very different from that of Tener v. National Guard, 13 W. N. C. 310 ; in that case the corporation had been expressly granted a corporate franchise to conduct a military company. A more important difference is that the property in question was, and had continued for ·years, in actual use for the military purposes of the organization.

OPINION BY MR. JUSTICE GREEN, July 18, 1895:

We think it cannot be questioned, indeed it is not, that the Keystone Battery is a purely public charity. It is a military organization maintained by state appropriations and public subscriptions, and its only object is the gratuitous service of the public without any profit or expectation of gain. The lot in question was purchased for the purpose of erecting thereon an armory building for the use of the Battery and was of course public property. If the building had been completed and used for its intended purpose, it is not contended that it would have been liable to taxation. But the building was only commenced, and then abandoned on account of an objectionable location, and the appellee then sought, and finally obtained, another lot upon which they afterwards erected a complete armory building. The first lot was finally sold and the proceeds were used in the purchase of the new lot and the erection of the new armory. It is argued for the appellant that during the interval between the abandonment of the first building and the erection of the new one, the first lot and partly constructed building were subject to taxation.

But the act of June 4, 1879, P. L. 90, provides, " That nothing in the act to which this is a supplement (act of 1874) shall be taken as implying that any building though incomplete or in course of construction shall be subject to taxation, where

said building was intended under provision of said act to be exempt from taxation when completed."

It seems very clear to us that this act is entirely applicable to the present case even if the property would be taxable without it, which is very doubtful. There was nothing in the evidence to show that the lot was held for investment purposes or for any purpose of profit. It was manifestly held only until it could be sold, and it was sold as soon as a purchaser could be obtained, and the proceeds used for the erection of the new building.

Judgment affirmed.