FRANCIS E. WHITAKER, Appellee,

*v.*

JOHN HOUSE and the City of Columbia, Tennessee,

Appellants.

372 S. W. 2d 194

(*Nashville,* December Term, 1962.)

Opinion filed October 11, 1963.

62

J. Shelby Coffey, Jr., Robin Courtney, Columbia, for appellants.

Shelton & Shelton, T. Edward Lawwell, Columbia, for appellee.

Mr. Justice White, delivered the opinion of the Court.

This is a discretionary appeal from the action of the chancellor in overruling the demurrer, as amended, to the original bill, as amended.

The complainant, Francis E. Whitaker, filed his original bill in which it was averred:

That on May 11, 1938 Irene M. Massey and husband conveyed by warranty deed of that date the property therein described to the State of Tennessee "for such period of time or so long as said property is used as an Armory or for Military purposes, but if said property should cease to be used for Armory or Military purposes, the title therein to vest in the City of Columbia, in fee simple." On January 18, 1940 the said Irene M. Massey and her husband executed a deed of correction conveying to the State of Tennessee "all our right, title and interest in and to the following described lot or parcel of land", and then follows a description of the same land that had been conveyed to the State of Tennessee on May 11, 1938 without the proviso that "if said property should cease to be used for Armory or Military purposes the title therein to vest in the City of Columbia, in fee simple", which was set forth in the deed of May 11, 1938.

In the deed of correction it is said:

"WHEREAS, said deed (of May 11, 1938) does not comply with the terms of the Armory Act passed by the 1939 General Assembly of the State of Tennessee, which requires that the title to an Armory site must vest in the State of Tennessee; and

"WHEREAS, the City of Columbia, by proper action is appropriating $5,000.00 toward the construction of an Armory building on said site and Maury County,

through its Quarterly Court, has appropriated an equal amount, and

"WHEREAS, it is the desire of the Grantors, Irene Minor Massey and P. R. Massey and the City of Columbia, to comply with the requirements of said Armory Acts and to that end to correct the former deed heretofore registered. * * *"

Thereafter, the Armory building was constructed on said parcel of land and was used for such purposes until the year 1950 when a new highway was constructed near said building cutting off a small triangular tract of land from the main Armory property. Said tract of land was described in the original bill.

The original bill also alleged that on October 17, 1956 the City of Columbia and John House entered into a lease agreement whereby the City of Columbia leased to John House all of its right, title and interest in said triangular strip of land for a period of twenty-five years. According to the exhibit appearing in the record said term was to end October 14, 1961. We assume there was an error in copying and that the term was to end October 14, 1981. The rent for the first two years is $10.00 per year, and for the remaining twenty-three years the rental is $100.00 per year.

On November 1, 1961 the State of Tennessee executed an instrument stating that the said triangular strip of land had ceased to be used for an Armory or for Military purposes, and had been abandoned and unused and unusable by the State of Tennessee for said purposes. Then, on January 10, 1962 the State of Tennessee conveyed all of its right, title and interest in said strip of land to

complainant, Francis E. Whitaker, by deed recorded in the Register's Office of Maury County.

Complainant stated in his bill that the conveyance in the original deed to the State of Tennessee with the proviso that when said property ceased to be used for Armory or Military purposes that the title to same would vest in the City of Columbia in fee simple was void as to the City of Columbia because it was violative of the rule against perpetuities recognized in this State.

It is further averred that the happening of the event whereupon the title to said property was to be vested in the City of Columbia was too uncertain and the attempted executory interest in the City is void and that the same left in the grantors an ungranted or unconveyed interest, and that upon the execution of the second deed the original grantors conveyed all of their right, title and interest in said land to the State of Tennessee in fee simple title.

Upon the conveyance by the State of Tennessee to the complainant of said property under date of January 10, 1962 the complainant, according to the bill, acquired the entire interest in the property and neither the City of Columbia nor the defendant, John House, as lessee, had any interest in said property. Copies of the deeds and the lease involving this property appear as exhibits in the record. The Chancery Court was asked to construe these instruments to determine the true owner of said property, the right of possession thereof, and to declare the lease void.

The demurrer set forth seven grounds to the original bill and two grounds to the bill as amended. The first, third, and seventh grounds were to the effect that the

executory interest in the City of Columbia did not violate the rule against perpetuities, in the first place, and then since the contingency had occurred the interest was executed so as to vest fee simple title in the City of Columbia.

The second ground was that the deed to complainant is void for champerty under T.C.A. 64-406 et seq.

The fourth, fifth, and sixth grounds were that the defendants had good title under the adverse possession statute, T.C.A. 28-201, and that complainant could not sue because of the limitations provided in T.C.A. 28-202 and T.C.A. 23-1609.

The chancellor correctly overruled the first, third, and seventh grounds of the demurrer when he held:

"The exception to the rule (against perpetuities) relied on by the defendant is where a gift in praesenti to one charity is followed by a limitation over to another charity. * * * All the authorities agree that this constitutes an exception to the rule * * * and although no case appears in Tennessee doubtless that is our law.

*　*　*　*

"In this case there was no gift in the first place. Massey simply sold the land (to the State) for a valuable consideration."

The defendants state in their brief:

"An exception to the Rule Against Perpetuities exists in the case where there is a *gift* to one charity followed by a gift over to another charity upon a condition which may occur beyond the period of perpetuities and the gift over to the second charity is valid." (Emphasis supplied).

This exception, upon which grounds one, three and seven of defendants' demurrer are based, contemplated a *gift* to a charity (or to a state or city *or charitable purposes*) with a limitation over to another charity (or to a state or city for charitable purposes) on a remote contingency or a condition precedent.

As the chancellor correctly pointed out, the transaction between the Masseys and the State was not in any sense of the word *a gift,* nor was it for *a charitable purpose.* It would stretch the rules of construction beyond the breaking point to include a sale of land for $1200.00 to a state government, for use as an armory or other military purposes, in the definition of *a gift* to charity or for *a charitable purpose.*

The defendants rely on the case of *Dickenson v. City of Anna,* 310 Ill. 222, 141 N.E. 754, 30 A.L.R. 587 (1923) as authority for their contention that the gift over does not violate the rule. That case is distinguishable from the instant case because it was a donative transaction in its entirety. There was no business transaction as in the instant case.

In that case the testator devised a tract of land to a school in perpetuity for so long as no part of the tract was encumbered or alienated and in such event there was a gift over to the City of Anna, Illinois. In the instant case there was a *sale* of land to the State for $1200.00 with the duration of the estate limited to the length of time it was used as an armory or for military purposes and with a limitation over to the City of Columbia.

Simes and Smith, Future Interests, Section 1281 (2d Ed. 1956) sets out the rule applicable in the instant case where there is definitely a condition precedent to the

vesting of the executory interest which might not occur within the allowable period:

"If a limitation, *not preceded by a gift to charity,* is construed as a gift to charity on a condition precedent which may not occur within a life or lives in being and twenty-one years beyond, the gift is void under the rule (against perpetuities)." (Emphasis supplied.)

In the instant case the limitation over to the City of Columbia was not preceded by *a gift* to a charity or for *a charitable purpose* and, therefore, it cannot come within the exception to the rule supra.

Also in this case, at the time the deed was executed, it was entirely possible that the executory interest of the City of Columbia might never become vested. The State might have continued to use the land for armory or military purposes indefinitely. Since the termination of this use of the land might not ever occur it could not be said that the limitation over would vest, if at all, within a life or lives in being plus twenty-one years. Therefore, the limitation over to the City of Columbia, not being within the exception, was void under the rule.

This being true, the defendants, John House and the City of Columbia, would have no right, title, or interest, in the property unless the fourth or fifth grounds of their demurrer, relating to adverse possession on their part, had some merit. Neither of these grounds has any merit because neither statute of limitations or adverse possession run against the State unless the statute so specifies, and only the thirty year statute set out in T.C.A. 28-205 and 206 specifically applies to the State. See *Webb v. Harris,* 44 Tenn.App. 492, 498, 315 S.W.2d 274, 277 (1958). Clearly, this statute does not apply here.

■ The second ground of the demurrer, based on application of the champerty law, T.C.A. 64-406 et seq., has no merit because "[o]ur champerty laws have no application to judicial sales of property, or deeds of conveyance, wherein the State is the vendor." *Lee v. Harrison*, 196 Tenn. 603, 619, 270 S.W.2d 173, 180 (1954).

■ The sixth ground of the defendants' demurrer has no merit because the instant case is not a forceable entry and detainer action. T.C.A. 23-1609 could have no application.

What we have said disposes of all grounds of the defendants' demurrer and his assignment of error. This disposition of the cause makes it unnecessary for this Court to consider whether or not there was a delivery of the deed, and whether the limitation over to the City of Columbia was a "gift to a charity" in the terms of the aforementioned exception to the rule against perpetuities.

We, therefore, affirm the chancellor and remand the cause for such further proceedings as seem proper not inconsistent with this opinion. The costs of this appeal are taxed against the appellants.

BURNETT, CHIEF JUSTICE, DYER and HOLMES, JUSTICES, and CLEMENT, SPECIAL JUSTICE, concur.

## On Petition to Rehear

■ The appellants, defendants below, have filed an earnest and concise petition to rehear in this case. We have given due and careful consideration to the matters set out therein. The petition reargues the matters already thoroughly presented by counsel and fully considered by us in reaching our original conclusion. Under

these circumstances it is our duty to deny the petition to rehear.

Indicative of reargument is the appellants' reliance on *Philadelphia v. Keystone Battery*, 169 Pa. 526, 32 A. 428 (1895). They rely on it as authority for the proposition that a national guard armory is a public charity.

In order to assure appellants every consideration, this case has been considered again. It is readily distinguishable. In it the issue was one of statutory construction; whether the city could tax land which the State had purchased for the purpose of erecting an armory. The language used by the court in that context is wholly inapplicable when placed in the context of the instant case which involves an exception to the rule against perpetuities.

█ This Court has on numerous occasions stated that:

" 'A petition for rehearing should never be used merely for the purposes of rearguing the case on points already considered and determined, unless some new and decisive authority has been discovered, which was overlooked by the court.' " *Nashville v. Board of Equalization*, 210 Tenn. 587, 618, 360 S.W.2d 458, 472 (1962); Caruthers, History of a Lawsuit 508 (7th ed. 1951), and cases cited therein. See also Rule 32 (Rules of this Court), 209 Tenn. 785, 806-807.

We are satisfied with the conclusion reached in our opinion, therefore, the petition to rehear is denied.