# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 11, 2008 Session

## BOBBY E. WHITE AND ANN H. WHITE v. PULASKI ELECTRIC SYSTEM

**Appeal from the Chancery Court for Giles County**
**No. 3617     Stella L Hargrove, Judge**

---

**No. M2007-01835-COA-R3-CV - Filed August 18, 2008**

---

Bobby E. White and Ann H. White sought judgment granting them title to a small portion of property that they claim to own by deed, adverse possession and by payment of taxes. The trial court granted Pulaski Electric System, a public electric company, summary judgment. Finding no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, Jr., and ANDY D. BENNETT, JJ., joined.

Keith Farrin Blue and James Russell Farrar, Nashville, Tennessee, for the appellee, Pulaski Electric System.

Scott Cameron Williams and Eileen Elizabeth Burkhalter, Nashville, Tennessee, for the appellants, Bobby E. White and Ann H. White.

## OPINION

The dispute in this case pertains to the ownership of a small, nineteen-foot square portion of real property in Pulsaki, Tennessee, situated between South First Street and South Second Street. Bobby E. White and Ann H. White ("the Whites") purchased a parcel of commercial property located at 124 South First Street on September 15, 1998. This parcel is identified on tax maps as parcel 24.03. Pulaski Electric Service ("PES") is the owner of an adjoining tract of land. Subsequent to acquiring the property, the Whites were granted a building permit from the City of Pulaski for the construction of a concrete-block addition to a restaurant they operate on their property. When completed, this addition extended their existing restaurant building nineteen feet east to west, thereby running 100 feet west from South First Street. In February 2006, PES informed the Whites that their addition was encroaching on PES property and would have to be removed. Shortly thereafter, PES demolished the portion of the White's building located on the disputed parcel. The Whites thereafter filed complaint seeking a declaration of title to the disputed parcel, to quiet title to same and to recover damages for the demolition of their building. They claimed that

they held title to the disputed parcel of property by adverse possession and, further, they were entitled to ownership of the disputed property due to the fact that they and their predecessors paid taxes on it for more than 20 years. PES contended that the Whites' property runs only 81 feet west of South First Street according to title history, deed descriptions, and conveyances since 1929 and that the property description found in the 1985 deed and all subsequent deeds is incorrect.

The title history of the property is as follows: In a deed registered April 6, 1929, property (one tract of which was later to be known as parcel 24.03) was conveyed by Pulaski Oil Company to C. B. Patterson and wife. The deed describes the property as "fronting in the aggregate about 77 feet and 2 inches on the West side of First Main Street, [later changed to South First Street] extending back westwardly 60 feet and bounded on the North by an alley; East by First Main Street; South by lot owned by the corporation of Pulaski and West by Ms. Sallie Hampton . . .". In a deed registered February 12, 1947, the Cumberland Amusement Company property "fronting on an alley immediately behind the Hampton property, said lot fronting 76 feet 6 inches on said alley and running back between parallel lines 21 feet..." to Ms. Nora F. Patterson, then widow of C. B. Patterson. Ms. Patterson conveyed both the property described in the 1929 deed and the 1947 deed to John W. Berry and wife, Christine Berry, on January 8, 1949. This deed describes tract one as "extending back Westwardly 60 feet" and tract two as "running back between parallel lines 21 feet."[1] In a deed registered May 8, 1956, the Crescent Amusement Company conveyed a tract of property it had obtained from Cumberland Amusement Company to the City of Pulaski. The deed describes this tract of property as "Fronting west on Second Street 165 feet running back east between parallel lines approximately 85 feet to an 8-foot alley, and being No. 35 on the original plan of the Town of Pulaski." The distance east to west from First Street to Second Street is approximately 176 feet; therefore, PES contends that every deed prior to 1985 demonstrates a history of transfers supporting the conclusion that Parcel 24.03 runs 81 feet.[2] However, the deed in each conveyance since 1985, describes the property as "fronting approximately 19 feet on South First Street and running back between parallel lines approximately 100 feet."[3] This description is in the deed conveying the property from Christine B. Berry, the widow of John W. Berry, to Henry Tatum, dated January 31, 1985. The same description is found in Henry Tatum's conveyance to Jerry W. Wallace on February

---

[1] It is PES's contention that tract one and tract two make the 81 feet of parcel 24.03 that runs west from South First Street.

[2] The distance from First Street to Second Street is approximately 176 feet. Adding the 60 feet described in the 1929 deed, the 21 feet described in the 1947 deed, an 8 foot alley belonging to the City of Pulaski, and the 85 feet of land conveyed to the City of Pulaski on May 8, 1956, one arrives at 174 feet, the approximate distance from First to Second Street.

[3] The Whites' deed conveys to them "a certain storehouse and lot fronting approximately 19 feet on South First Street and running back between parallel lines approximately 100 feet bounded on the east by South First Street on the south and west by property of the City of Pulaski and on the North by other property of the grantor presently occupied by Watkins Flowers." The Deed also states in bold type: "NO BOUNDARY SURVEY WAS MADE AT THE TIME OF THIS CONVEYANCE WITH THE LEGAL DESCRIPTION BEING THE SAME AS THE PREVIOUS DEED OF RECORD." The deed also references the property conveyed as Parcel 24.03.

1, 1985; Jerry Wallace's conveyance to Robert Todd Saint on December 20, 1996; and finally, Saint's conveyance to the Whites on September 15, 1998.

The Whites contend that every title owner since 1985 has believed the property to extend 100 feet and that every owner since 1985 has been assessed and paid property tax based on the 100 foot description in accordance with the tax assessor's office property maps. PES moved for summary judgment asserting that all deeds from 1985 to the present, from which the Whites derive their claim to the property in question, incorrectly describe the true dimensions of the property owned by the Whites; that the actual dimensions of tract 24.03 were established in the 1949 deed from Ms. Patterson to the Berrys; and that the Whites could not claim title to the property by payment of taxes or adverse possession. Its motion was supported, *inter alia*, by copies of the deeds to the property at issue and the Affidavit of Ron Holcomb, Chief Executive Officer of PES. The trial court granted summary judgment to PES. On appeal, the Whites raise the following issues:

> 1) whether the trial court's Order complies with the July 1, 2007 revision of Tenn. R. Civ. P. 56.04 which requires the court to state the legal grounds in the Order granting or denying summary judgment;
> 2) whether the court improperly relied upon two affidavits used in support of PES's motion for summary judgment;
> 3) whether, as a matter of law, the Whites are entitled to ownership under payment of taxes, Tenn. Code Ann. § 28-2-109; PES's failure to pay taxes, Tenn. Code Ann. § 28-2-110; or adverse possession, Tenn. Code Ann. § 28-2-101 or 105.

## STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. The standard for review of a grant of summary judgment by the trial court is *de novo*. *See Blair v. W. Town Mall,* 130 S.W.3d 761, 763 (Tenn. 2004). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Godfrey v. Ruis*, 90 S.W.3d 692, 695 (Tenn. 2002). We review the decision to grant summary judgment as a matter of law. *Finister v. Humboldt Gen. Hosp., Inc.,* 970 S.W.2d 435, 437 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). Because the question is one of law, no presumption of correctness attaches to the grant of a summary judgment. *Hembree v. State,* 925 S.W.2d 513, 515 (Tenn.1996); *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003).

Summary judgment is appropriate where the movant establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall*, 113 S.W.3d at 721. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W. 3d 265, 269 (Tenn. 2001).

## ADEQUACY OF THE ORDER GRANTING SUMMARY JUDGMENT

Oral argument on the motions for summary judgment in the case at hand was held on June 29, 2007, and the court issued its Order granting summary judgment to PES on July 13, 2007. The Order states:

> This case is before the Court on the 29th day of June, 2007, upon Motion for Summary Judgment of Defendant, Pulaski Electric System, and Motion for Partial Summary Judgment of Plaintiffs, Bobby E. White and Ann H. White, Memorandums of Law in support thereof, Responses, together with Memorandums of Law, statements and arguments of counsel, and the record; from all of which the Court finds that there are no genuine issues of material fact, and that Defendant is entitled to judgment as a matter of law.
> Plaintiffs' Motion for Partial Summary Judgment is denied. Costs are assessed to Plaintiffs, for which execution may issue. SO ORDERED.

Prior to July 1, 2007, the legal grounds for granting or denying summary judgment need only be stated in the order "upon request" of either party. Tenn. R. Civ. P. 56.04 was amended effective July 1, 2007, to state: "The trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." The ruling in the case at bar is not in technical compliance with the amended rule; however, the basis of the ruling can be readily found in the record of the hearing transcript, the pleadings, the responses, and the affidavits. This court does not find the Whites were prejudiced by the defective written order as evinced by the fact that no party requested the trial court state its legal grounds after the Order was issued; the hearing being held prior to the effective date of the revision to Tenn. R. Civ. P 56.04; and the Order was issued only twelve days after the revision went into effect. This court is not presented with an insurmountable obstacle, given the clarity found in the record for legal grounds. This court finds no reversible error as to this issue.

## MATERIAL CONSIDERED BY THE COURT IN ITS CONSIDERATION OF PES' SUMMARY JUDGMENT MOTION

In granting summary judgment to PES, the trial court stated that it relied upon, "Motion for Summary Judgment of Defendant, Pulaski Electric System, and Motion for Partial Summary Judgment of Plaintiffs, Bobby E. White and Ann H. White, Memorandums of Law in support thereof, Responses, together with Memorandums of Law, statements and arguments of counsel, and

the record." The Whites contend that the two affidavits of Ron Holcomb filed in support of PES's summary judgment motion were improper, asserting that Mr. Holcomb made inappropriate conclusions of law and offered testimony that was not based on personal knowledge. The Whites further complain that the trial court erroneously considered statements of fact submitted by PES which had been objected to or denied by them.

### Affidavits of Ron Holcomb

Tenn. R. Civ. P. 56.06 governing affidavits submitted in support of motions for summary judgment states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Expert opinion affidavits shall be governed by Tennessee Rule of Evidence 703.

Mr. Ron Holcomb is Chief Executive Officer of PES. His first affidavit recites his review of the historical records of PES relative to its use of PES property, as well as the tax maps and deeds to the various parcels of property at issue, and relates the information contained, primarily the footage contained in the property descriptions, to the identification of the lots as contained on the tax map. Much of the information in the affidavit relating to the evolution of title to the property as well as the dimensions of property conveyed in the various deeds, is admitted by the Whites in their response to Defendant's Statement of Undisputed Facts. The first affidavit, in pertinent part, merely summarizes what can already be found in the deeds and states from where the disputed 19 foot tract of land evolved. The Court agrees that some of the statements of Mr. Holcomb are argumentative and conclusory, *e.g.,* his statement that the White's building-addition was not "openly, continuously, exclusively, adversely, and notoriously used by the Plaintiffs." However, the argumentative portions are easily severable from the factual assertions and the Court disregards matters which are not factual in accordance with Rule 56.06.[4]

Mr. Holcomb's second affidavit recounts a 1964 Resolution of the Board of Mayor and Aldermen of the City of Pulaski (attached as an exhibit to the Affidavit of Terry Harrison, City

---

[4] There is no doubt that, if called, Mr. Holcomb could testify to the property descriptions contained in the deeds.

Recorder), wherein an 8 foot alley was dedicated, adjoining the existing 8 foot alley at the rear of the property ultimately conveyed to the Whites and which existing alley was referenced in the 1956 deed to the City of Pulaski from Crescent Amusement Company (the "Crescent Tract"). He further explains that the PES building was constructed on the Crescent Tract in the mid-sixties and that the Whites 19 foot addition encompassed the 16 foot alley as well as an additional 3 feet on the Crescent Tract. For the same reasons applied to the first affidavit, we find the second affidavit appropriate and admissible. Therefore, with the exception of Mr. Holcomb's opinion as to the White's possible adverse possession claim, we find his affidavits to be in compliance with Tenn. R. Civ. P. 56.06; furthermore, we see no evidence offered in the record by the Whites to refute the accuracy of the records offered by PES.

### Plaintiffs' Response to Defendant's Statement of Undisputed Facts

Rule 56.03 requires a party moving for summary judgment to submit "a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial," to which the non-moving party is required to respond by either agreeing that the fact is undisputed, agreeing for purposes of consideration of the summary judgment motion that it is not disputed or disputing the asserted fact. The Whites complain that the trial court erred in considering twenty-one statements of material fact submitted by PES, to which they had objected or denied, in its consideration of the motion. The basis of their objections to the assertedly undisputed facts "include the Defendant's lack of citation to the record, other than the improper affidavits of Ron Holcomb, and the designation of statements as ones of 'fact' when they were actually legal conclusions."

Many of the objections relate to the wording of the factual assertions statements as being "vague and conclusive" and to the utilization of lot numbers, but admit the truth of the factual assertions contained, particularly those detailing the dimensions of the property deeded to the Whites. Significantly, the Whites admit (1) the dispute concerns ownership of approximately 19 square feet of property; (2) the conveyance of the first 60 feet of the property held by plaintiffs in the 1929 deed; (3) the 1947 conveyance of 21 feet immediately west of the 60 feet conveyed in 1929; (4) the 1949 conveyance of the 81 feet tract to the Berrys; (5) that, at the time of the 1949 conveyance, there was an 8 foot alley belonging to the City of Pulaski adjoining the property on the west; (6) the property conveyed to the City of Pulaski in 1956 fronted 165 feet on South Second Street and ran back between parallel lines 85 feet to an 8 foot alley; and (7) that the 1985 deed from Ms. Berry to the Tatums contained a description that had the property line extending back 100 feet from First Street. The Whites have not shown any disputed fact which would necessitate a trial relative to the various property descriptions. The record shows that the description upon which they rely (conveying 100 feet) was erroneous, as the grantor had only 81 feet to convey.

-6-

## CLAIMS OF THE WHITES TO THE PROPERTY AT ISSUE

### Payment of Taxes

The Whites contend they should be granted relief based on the presumption of ownership through payment of taxes contained in Tenn. Code Ann. § 28-2-109. In support of this contention, they assert that they and their predecessors have been assessed and paid taxes on Parcel 24.03 since 1985 and that the tax assessor's maps and records as well as every deed since 1985 describes the property as running 100 feet west from South First Street. They also contend that PES has not paid taxes on the disputed portion of property, and is therefore barred from its claim under Tenn. Code Ann. § 28-2-110.

Tenn. Code Ann. § 28-2-109 states:

Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more then twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning the same, and who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance of title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.

The presumption created in the statute is a rebuttable one. *Welch v. A. B. C. Coal Co.,* 293 S.W.2d 44 (Tenn. Ct. App. 1956); *see also Meals v. Lucas,* No. 02A01-9404-CH-00085, 1995 WL 318467 at *3 (Tenn. Ct. App. May 26, 1995). The evidence shows that the Whites and their predecessors paid city and county taxes on the disputed property for over twenty (20) years; however, inasmuch as neither they nor their predecessors had legal title or equitable interest in the disputed 19 foot tract of land, they were not entitled to the presumption of legal ownership granted by the statute. Moreover, the tax map cannot be used to establish the boundary lines of the property. *See State of Tennessee v, Whetsell*, 2006 Tenn. App. Lexis 334 (May 22, 2006).

Even if the Whites did meet the statutory requirements to receive the benefit of the presumption that they are the legal owners of the disputed tract, PES rebutted the presumption by showing by clear and convincing proof that any purported title to the disputed tract claimed by the Whites was not valid. The statutory presumption is that the claimant is the *prima facie* legal owner of the land; as such, it is controlling only in the absence of contrary facts and circumstances. *See Deavers v. Deavers,* 457 S.W.2d 618 (Tenn. Ct. App. 1970). Through the recorded deeds and other public records dating as far back as 1929, PES has shown, by a preponderance of evidence, that the property description contained in the Whites' deed is erroneous.

The Whites also contend that PES is barred from claiming title to the property pursuant to Tenn. Code Ann. § 28-2-110(a) since PES has never paid property tax on the disputed portion. They

acknowledge that PES is not making a claim of title to or interest in the property, but state that PES has asserted its ownership of the property in response to the summary judgment motion. Tenn. Code Ann. § 28-2-110(a) states:

> (a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

Pursuant to Tenn. Code Ann. § 67-5-203(a)(1),[5] the property at issue, being property of the City of Pulaski, is exempt from taxation. Thus, the fact that PES did not pay taxes on the property does not preclude it from defending the title to same.

**Adverse Possession**

The Whites also claim defensive title to the property by adverse possession pursuant to Tenn. Code Ann. §§ 28-2-101 and 28-2-105. Tenn. Code Ann. § 28-2-101, by its terms, applies only to grants of property by the state; consequently, it is not applicable to this case inasmuch as the Whites claim title from a private party. *See Moore v. Brannan*, 304 S.W.2d 660 (Tenn. Ct. App. 1957).

Tenn. Code Ann. § 28-2-105 provides:

> Any person holding any real estate or land of any kind or any legal or equitable interest therein, and such person and those through whom such person claims having been in adverse possession of same for seven (7) years, where the real estate is held and claimed by such person or those through whom such person claims by a conveyance, devise, grant, a decree of a court of record, or other assurance of title purporting to convey an estate in fee, and such conveyance, devise, grant, or other assurance of title, has been recorded in the register's office of the county in which the land lies for a period of thirty (30) years or more or such decree entered on the minutes of such court for a period of thirty (30) years or more, is vested with an absolute and indefeasible title to such real estate or interest therein.

Under this statute, a claim for adverse possession can lie against the state. *See Whitaker v. House,* 372 S.W.2d 194 (Tenn. 1963). To make out such claim, the claimant is required to show possession of the property for seven years and assurance of title recorded for thirty years or more. *State of Tennessee v. Whetsell, supra.* The Whites trace their claim of title to the 1985 conveyance

---

[5] Tenn. Code Ann. § 67-5-203(a)(1) states:

All property of the United States, the state of Tennessee, any county, or any incorporated town, city or taxing district in the state that is used exclusively for public, county or municipal purposes shall be exempt from taxation[.]

-8-

from Christine B. Berry to Henry Tatum.  Consequently, they have not satisfied the recordation requirement of the statute upon which they rely.

## CONCLUSION

Finding no reversible error, the ruling of the trial court is AFFIRMED.  Costs are assessed against Bobby E, White and Ann H. White, equally.

_____
RICHARD H. DINKINS, JUDGE